UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
BILLY BROWN,                        )
                                    )
            Petitioner,             )
                                    )
      v.                            )     Civil Action No. 10-0546 (ESH)
                                    )
U.S. PAROLE COMMISSION,             )
                                    )
            Respondent.             )
_____)

# MEMORANDUM OPINION

This matter is before the Court on Billy Brown's petition for a writ of habeas corpus and the government's responses to the April 8, 2010 order to show cause. For the reasons discussed below, the petition will be denied.

## I. BACKGROUND

On January 18, 1983, in the Superior Court of the District of Columbia, petitioner was sentenced to a term of 20 months to five years' imprisonment on his conviction for burglary, and this sentence was to be served consecutively to a term of four to 12 years' imprisonment for attempted robbery. U.S. Parole Commission's Opposition to Petitioner's Pro Se Petition for a Writ of Habeas Corpus ("USPC Opp'n"), Ex. 1-2 (Judgment and Commitment Orders, Case Nos. F-257-82 and F-4475-82). According to the USPC, petitioner escaped in October 1991, was returned to custody upon his arrest on drug charges, was sentenced on May 22, 1992, in the Superior Court to a term of four months to one and one-half years' imprisonment for the prison breach and was sentenced on December 22, 1992, to a maximum term of 12 years' imprisonment

on the drug charges. USPC Opp'n at 2. These sentences were to be served consecutively to those imposed in 1983. *Id.*

The former District of Columbia Board of Parole ("Parole Board") released petitioner on parole on March 9, 1998. USPC Opp'n, Ex. 3 (Certificate of Parole). As of that date, petitioner was to remain under parole supervision through October 2, 2010. *Id.* Petitioner apparently committed an armed robbery, which prompted the Parole Board to revoke his parole and to grant reparole immediately. *Id.*, Ex. 4 (Notice of Board Order dated October 28, 1998). Upon petitioner's arrest for armed robbery and other offenses on October 30, 1998, *id.*, Ex. 5 (Warrant) at 1, the Parole Board issued a detainer warrant on November 2, 1998. *Id.* (Notice of Board Order dated November 2, 1998). Petitioner was convicted of the robbery and on January 22, 1999, he was sentenced to a maximum term of term of 16 to 48 months' imprisonment. *Id.*, Ex. 1 (Judgment and Commitment Order, Case No. F-7875-98).

By the time petitioner became eligible for parole with respect to the 1999 robbery conviction, the Parole Board had been abolished and the USPC had assumed authority over District of Columbia Code offenders.[1] *See* D.C. Code § 24-131. Petitioner's parole hearing took place on November 27, 2000. USPC Opp'n, Ex. 6 (Hearing Summary) at 1. The USPC denied parole and continued the matter for a rehearing in February 2002. *Id.*, Ex. 9 (Notice of Action dated December 19, 2000). The USPC also denied parole at its next consideration, *id.*, Ex. 9 (Notice of Action dated January 18, 2002) at 1, and continued the matter to the expiration of the sentence. *Id.* Because the former Parole Board's detainer warrant remained in effect, when

---

[1] "The [USPC] shall exercise authority over District of Columbia Code offenders pursuant to section 11231 of the National Capital Revitalization and Self-Government Improvement Act of 1997, Public Law 105-33, 111 Stat. 712[.]" 28 C.F.R. § 2.70(a).

petitioner reached his mandatory release date, the USPC executed the warrant and, after a hearing on January 29, 2003, *id.*, Ex. 10 (Revocation Hearing Summary), it revoked parole. *Id.*, Ex. 11 (Notice of Action dated February 25, 2003) at 1. The USPC set a presumptive parole date of October 30, 2005, *id.*, which was delayed an additional 30 days because petitioner had violated the rules of the facility where he was then incarcerated. *Id.*, Ex. 12 (Notice of Action dated March 25, 2005). After petitioner committed a drug-related infraction of the institution's rules, the USPC further delayed his release date, to July 29, 2006. *Id.*, Ex. 13 (Notice of Action dated May 19, 2006). As of July 29, 2006, petitioner was to remain under parole supervision through January 22, 2019. *Id.*, Ex. 14 (Parole Certificate) at 1.

Petitioner was arrested for possession of drug paraphernalia on August 23, 2006, and was released the next day. USPC Opp'n, Ex. 15 (Hearing Summary) at 1. He was arrested on October 2, 2006, for assault with a dangerous weapon. *Id.*, Ex. 15 at 2-3 & Ex. 16 (Notice of Action dated March 12, 2007) at 1-2. After a hearing on February 15, 2007, the USPC revoked parole upon its findings that petitioner had used controlled substances and alcohol, possessed drug paraphernalia, possessed a prohibited weapon (knife), and committed simple assault. *Id.* As of petitioner's re-parole date, January 31, 2008, petitioner was to remain under parole supervision through May 29, 2019. *Id.*, Ex. 17 (Certificate of Parole dated January 31, 2008) at 1.

Petitioner was arrested on a drug possession charge on February 29, 2008. USPC Opp'n at 5. When he failed to appear at a hearing in Superior Court, he was charged and later pled guilty to a violation of the Bail Reform Act ("BRA"). *Id.* On October 20, 2008, he was sentenced to a term of 90 days' imprisonment. *Id.*, Ex. 18 (Docket Sheet, Case No. 2008 CMD

007944) at 1.  The USPC found probable cause on five charges, including two violations of law
(*i.e.*, drug possession and the BRA violation).  *Id.*, Ex. 19 (Advanced Consent Recommendation
dated January 12, 2009) at 1.  It was recommended that parole be revoked and that the new
presumptive reparole date be set for May 5, 2009.  *Id.*  Petitioner agreed to an expedited
revocation decision, *id.*, and the USPC issued a Notice of Action consistent with the agreement.
*Id.*, Ex. 20 (Notice of Action dated January 30, 2009) at 1.

Since petitioner's reparole on May 5, 2009, petitioner has been arrested four times.
USPC Opp'n at 6.  Robbery and drug distribution charges have been dismissed, and petitioner
entered guilty pleas on the remaining charges.  *Id.*  The Superior Court imposed sentences on
February 19, 2010.  *Id.*, Ex. 22-23 (Docket Sheets, Case Nos. 2009 CF2 022290 and 2009 CMD
024973).  As a result of these criminal charges, the USPC issued a parole violator warrant on
December 23, 2009.  *Id.*, Ex. 24- 25 (respectively, Warrant and Warrant Application).  Because
petitioner already was in custody, the warrant was lodged as a detainer.  USPC Opp'n at 7.

## II.  DISCUSSION

Petitioner currently is detained at the D.C. Jail, and he demands his immediate release
from custody on the ground that the USPC has exceeded its authority by extending his term of
incarceration beyond that ordered by the Superior Court or otherwise authorized by law.

### *A.  The Parole Commission Does Not Perform Judicial Functions*

Petitioner asserts that the USPC improperly exercises judicial functions when it issues
warrants, forfeits street time, and imposes additional terms of incarceration as a sanction for
parole violations, in violation of the separation of powers doctrine and in violation of the Due
Process and Double Jeopardy Clauses of the United States Constitution.

Contrary to petitioner's assertions, the USPC has no authority to impose a prison sentence upon conviction of a crime; this authority rests with the Superior Court of the District of Columbia. *See* D.C. Code § 11-923(b) (granting jurisdiction to the Superior Court over any criminal case under District of Columbia law). Rather, the USPC has full authority to grant, deny, or revoke a District of Columbia offender's parole and to impose or modify conditions upon an order of parole. *See* D.C. Code § 24-131(a). If a parolee allegedly has violated conditions of his release, the USPC is authorized to "[i]ssue a warrant for the apprehension and return of the offender to custody," 28 C.F.R. § 2.98(a)(2), and a warrant "operates to bar the expiration of the parolee's sentence." 28 C.F.R. § 2.98(e); *see Owens v. Gaines*, 219 F. Supp. 2d 94, 101 (D.D.C. 2002) (sentence tolled from the warrant's issuance until the parolee was taken back into custody upon execution of the warrant). Among the available sanctions for a parolee's violation of conditions of his release is his return to custody. *See* 28 C.F.R. § 2.20.

The USPC's actions in no way impinge on the judiciary's authority, as parole revocation is "a separate administrative proceeding[,]" *Maddox v. Elzie*, 238 F.3d 437, 445 (D.C. Cir. 2001), at which the USPC "merely determines whether the individual will serve the sentence inside or outside the prison walls." *Artez v. Mulcrone*, 673 F.2d 1169, 1170 (10th Cir. 1982) (per curiam); *see Geraghty v. U.S. Parole Comm'n*, 719 F.2d 1199, 1212 (3d Cir. 1983). In short, the USPC "does not exercise a judicial function and its decisions do not violate the separation of powers." *Hammett v. U.S. Parole Comm'n*, No. 10-0442, 2010 WL 1257669, at *1 (D.D.C. Apr. 2, 2010); *Montgomery v. U.S. Parole Comm'n*, No. 06-2113, 2007 WL 1232190, at *2 (D.D.C. Apr. 26, 2007); *Morrison v. U.S. Parole Comm'n*, No. 04-2192, 2006 WL 1102805, at *2 (D.D.C. Apr. 26, 2006).

Furthermore, the USPC's actions in no way violate petitioner's due process rights. "It is established that District of Columbia prisoners do not have a constitutionally protected liberty interest in being released to parole and therefore have no protections under the due process clause with respect to parole determinations or procedures." *Thompson v. District of Columbia Dep't of Corr.*, 511 F. Supp. 2d 111, 113 (D.D.C. 2007) (citations omitted). Lastly, because "there is no double jeopardy protection against revocation of probation and the imposition of imprisonment," *United States v. DiFrancesco*, 449 U.S. 117, 137 (1980), the USPC's decisions to revoke petitioner's parole do not implicate the Double Jeopardy Clause.

### B. Street Time is Forfeited Upon Revocation of Parole

Petitioner contends that his term of incarceration has been extended unlawfully because he is denied credit for street time and because he has not been awarded good time credit towards service of his sentence.

Under District of Columbia law, when parole is revoked, "[t]he time a prisoner was on parole shall not be taken into account to diminish the time for which he was sentenced." D.C. Code § 24-406(a). Upon each parole revocation, a "petitioner's sentence [is] not increased, but rather, the [USPC] rescind[s] credit towards completion of that sentence for time spent on parole, as required by D.C. law." *Campbell v. U.S. Parole Comm'n*, 563 F. Supp. 2d 23, 25 (D.D.C. 2008). "It is settled that District of Columbia prisoners have neither a constitutional nor a statutory right to retain street-time credit once their parole is revoked." *Jackson v. Harrison*, No. 05-1969, 2006 WL 3313300, at *1 (D.D.C. Nov. 14, 2006). Forfeiture of street time violates neither the Double Jeopardy Clause nor the Ex Post Facto Clause of the United States Constitution. *Davis v. Moore*, 772 A.2d 204, 209 (D.C. 2001) (en banc); *see Jones v. Bureau of*

6

*Prisons*, No. 05-5054, 2002 WL 31189792, *1 (D.C. Cir. Oct. 2, 2002) (per curiam); *Chappell v. U.S. Parole Comm'n*, No. 09-0361, 2009 WL 485160, at *1 (D.D.C. Feb. 24, 2009); *Watson v. Gaines*, 589 F. Supp. 2d 72, 75-76 (D.D.C. 2008). Furthermore, petitioner has no constitutional or statutory right to the restoration of good time credits, as such credits "do not survive a prisoner's release" on parole. *Bethea v. Fed. Bureau of Prisons*, No. 10-0188, 2010 WL 538196, at *1 (D.D.C. Feb. 3, 2010). Rather, after parole is revoked, "the acquisition of good time credit to advance a release date begins anew." *Lorando v. Waldren*, 629 F. Supp. 2d 60, 62 (D.D.C. 2009).

### III. CONCLUSION

Because petitioner has made no showing that he "is in custody in violation of the Constitution . . . of the United States," 28 U.S.C. § 2241(c)(3), petition will be denied. An Order dismissing this petition accompanies this Memorandum Opinion.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE: May 21, 2010